NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LUIS D. GONZALEZ, | : | |
| | : | Civil Action No. 12-4896 (RBK) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| RASO, Magistrate Judge, et al., | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Luis D. Gonzalez
360 Valley Ave, Apt. 30
Hammonton, NJ 08037
    Plaintiff pro se

**KUGLER,** District Judge

    Plaintiff Luis D. Gonzalez seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1] At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for

---

[1] At the time he submitted his original Complaint and accompanying application for leave to proceed in forma pauperis, Plaintiff was a pre-trial detainee confined at Atlantic County Justice Facility. By Opinion and Order [2, 3] entered August 20, 2012, this Court denied Plaintiff's deficient application for leave to proceed in forma pauperis and ordered this matter administratively terminated, without prejudice to re-opening upon Plaintiff's prepayment of the filing fee or submission of a complete application for leave to proceed in forma pauperis. Plaintiff is no longer confined, and he has submitted a complete Application [4] for leave to proceed in forma pauperis. Accordingly, this Court will grant the new Application and order the Clerk to re-open this matter for review pursuant to 28 U.S.C. § 1915(e).

failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff asserts that he was arrested by defendant Patrolman Sam Angello of the Hammonton Police Department. Plaintiff does not describe the circumstances of the arrest, but lists various claims against Patrolman Angelo, including violation of Plaintiff's right to avoid self-incrimination, use of excessive force, unlawful search, and unlawful arrest.

In addition, Plaintiff alleges that he pleaded guilty, apparently to a charge of disorderly conduct, before defendant Magistrate Judge Paso, even though he could not clearly hear the Judge. Plaintiff alleges that Magistrate Judge Paso violated his constitutional rights by taking the plea under those circumstances.

Plaintiff seeks compensatory damages from both defendants.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 28 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e) because Plaintiff has sought and been granted leave to proceed in forma pauperis.

According to the Supreme Court's decision in Ashcroft v. Iqbal, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting Iqbal, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

IV. ANALYSIS

A. The Claims Against Patrolman Angello

The allegations against Patrolman Angello are completely conclusory and devoid of facts, consisting instead of a list of legal conclusions. For example, as noted above, without describing the circumstances of his arrest, Plaintiff claims that Patrolman Angello used excessive force. Thus, the allegations are not sufficient to raise a right to relief "above a speculative level." Twombly, 550 U.S. at 555. Accordingly, the claims against Patrolman Angello will be dismissed without prejudice for failure to state a claim.

B. The Claim Against Magistrate Judge Paso

Plaintiff alleges that Judge Paso accepted his guilty plea even though Plaintiff did not clearly hear the charges against him. Plaintiff contends generally that Judge Paso violated his constitutional rights by taking his plea under these circumstances.

As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit for monetary damages under the doctrine of judicial immunity. See Mireles v. Waco, 502 U.S. 9, 9 (1991), cited in Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006). Judicial immunity can be overcome only for actions not taken in a judicial capacity, Mireles, 502 U.S. at 9, or for actions taken in a complete absence of all jurisdiction, id. at 11-12. Any action taken by Judge Paso in accepting Plaintiff's guilty plea was

4

clearly taken in his judicial capacity. Accordingly, the claim against Judge Paso will be dismissed with prejudice on grounds of immunity.

V. CONCLUSION

For the reasons set forth above, all claims will be dismissed pursuant to 28 U.S.C. § 1915(e). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim against Patrolman Angello, the Court will grant Plaintiff leave to file an application to re-open accompanied by a proposed amended complaint.[3] An appropriate order follows.

s/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: August 27, 2013

---

[3] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, No. 12-2430, 2013 WL 1338986, *5 (3d Cir. Apr. 4, 2013) (collecting cases). See also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.